IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERMAINE D. JONES, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 10-0374-CV-W-ODS <br> Crim. No. 07-0063-02-CR-W-ODS |

### ORDER AND OPINION DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 (DOC. 1)

Pending is Jones' Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1). The motion is denied.

### I. BACKGROUND

Jones was sentenced to 240 months' imprisonment after a jury convicted him of conspiracy to distribute 50 grams or more of cocaine base, two counts of distribution of cocaine base, one count of possession of cocaine base with intent to distribute, and one count of being an unlawful user of control substance in possession of a firearm. The Eighth Circuit affirmed Jones' convictions and sentence. See *U.S. v. Jones*, 559 F.3d 831 (8th Cir. 2009). Jones' 28 U.S.C. § 2255 motion raises numerous grounds for relief, none of which entitle him to an evidentiary hearing.

### II. DISCUSSION

The Court is required to grant Movant an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The motion, files, and records in this case conclusively show that Jones is entitled to no relief on his claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, prosecutorial

misconduct, and that the government lacked jurisdiction to charge him with gun possession.

*Ineffective Assistance of Counsel*

For ineffective assistance of counsel claims, the Court first determines whether counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

*Failure to Prepare and Investigate*

Counsel must make reasonable investigations in order to subject the prosecution's case to meaningful adversary testing. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Strickland*, 466 U.S. at 691. Jones argues counsel failed to conduct a pretrial investigation, failed to interview key prosecution witnesses, and failed to interview and call witnesses who supposedly would have corroborated his claim that he was innocent of Count One. Count One charged Jones, co-indictee Marlin Sanders, and co-indictee Lee Harris with conspiracy to distribute 50 grams or more of cocaine base.

The only prosecution witness Jones identifies is Harris. Jones contends that if counsel would have interviewed her, there would have been many inconsistencies between her statements and what she ultimately testified to at trial.

Although Jones' allegations make it appear that counsel made no attempt to contact Harris, the government has submitted an affidavit by Jones' counsel and a letter counsel sent to Jones before trial. The affidavit and the letter state that counsel attempted to contact Harris, but she would not agree to talk with him. Counsel also wrote, "[T]he people that you gave me that were close to you and her have avoided

2

numerous calls and I . . . can presume from that [Harris] is not going to be our friend in this trial."

The Court concludes counsel was not ineffective for failing to interview Harris. Jones has provided no reason to believe Harris would have given the inconsistent statements he suggests, nor has he identified any other information counsel could have obtained from the interview that would have affected the outcome of the trial.

With respect to his claim that counsel failed to investigate other witnesses, Jones does not identify who those witnesses are or what they would have said, except to refer to them as "alibi" witnesses. Without knowing who Jones would have had counsel call as witnesses and specifically what their testimony in his defense might have been, it is not possible for the Court to determine whether counsel performed deficiently or whether Jones was prejudiced. *See Saunders v. U.S.*, 236 F.3d 950, 952-53 (8th Cir. 2001) (holding movant's failure to identify witnesses and their testimony in his motion prevents court from evaluating ineffective assistance prongs). Similarly, Jones' general allegation that counsel failed to conduct a pretrial investigation gives no indication what any investigation would have shown and how that evidence would have helped him.

Jones further argues that counsel failed to impeach government witnesses who perjured themselves. Other than his self-serving statement, Jones identifies no basis for the Court to conclude that perjury occurred. He has not shown ineffective assistance of counsel.

*Challenging the Indictment*

Jones argues his counsel should have obtained the grand jury transcripts by filing a motion to produce exculpatory evidence under *Brady v. Maryland* and challenged Count One of the indictment for insufficient evidence. But "an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *U.S. v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999). Counsel was not ineffective for failing to challenge the indictment for insufficient evidence.

3

Jones also contends his trial counsel was ineffective for failing to move to dismiss Count Two, which charged Jones with distribution of cocaine base, and Count Three, which charged Jones and Harris with aiding and abetting each other in possessing cocaine base with intent to distribute. Jones contends these counts were defective because they failed to allege a drug quantity. But both charges were under 21 U.S.C. § 841(b)(1)(C), which subjects a defendant to a maximum term of 20 years' imprisonment for possession of an unspecified amount of controlled substance. Counts Two and Three did not need to allege a drug quantity to state an offense against the United States.

Jones also argues Counts Two and Three as alleged were multiplicitous with respect to each other and with respect to Count Five. These counts charged Jones with violating 21 U.S.C. § 841(a), which makes it unlawful anyone to knowingly and intentionally "distribute . . . or possess with intent to . . . distribute. . . a controlled substance."

The Eighth Circuit has noted that a defendant can be *charged* with multiple violations of § 841, but cannot be *cumulatively punished* for two or more offenses based on the same act. *See U.S. v. Mendoza*, 902 F.2d 693, 696-97 (8th Cir. 1990). Thus, Jones' argument that his counsel was ineffective for failing to challenge the *indictment* as multiplicitous lacks merit.[1] Jones does not argue he was cumulatively punished for his convictions in these counts; in any event, such an argument would fail, because these convictions were based on separate acts. *Cf. id.* at 698 (noting defendant cannot be punished for both distribution and possession where evidence of distribution is only evidence to support possession charge).

---

[1] Jones alleges his counsel lied to him by promising to file a motion to dismiss Counts Two and Three, but then failed to do so. But Jones does not specify the ground for dismissal his counsel allegedly promised he would pursue, and the only ground for dismissal Jones raises in his motion with respect to these counts is multiplicity, which lacks merit.

*Motion to Suppress*

Jones' next argument is that counsel was ineffective for failing to file a motion to suppress evidence seized from Harris' apartment and statements Jones made to police. With respect to the apartment search, the undisputed evidence at trial was that Harris consented to it – even Harris testified she consented to the search. Jones alleges Harris gave consent to *enter*, not to search. However, there is nothing but Jones' self-serving statement to support his version of events, and it is not enough to warrant an evidentiary hearing.

As for Jones' statements to police, counsel *did* file a motion to suppress them (document 87), which this Court denied (documents 104, 121). Jones has failed to show that counsel's performance in this respect was deficient.

*Confrontation Clause*

Jones argues his right of confrontation was violated and his trial and appellate counsel were ineffective for not objecting to it/raising it on appeal. Jones complains that the analysts who tested the cocaine base and other drugs seized did not testify. At trial, Jones agreed and stipulated that chemists who tested the drugs seized in this case were qualified to do so, and that their analysis showed the substances recovered from Jones and his co-indictees – with some exceptions – were controlled substances. The stipulation stated it was being entered into "in order to save trial time and narrow the issues by avoiding the necessity of calling as witnesses the aforementioned chemists to testify certain substances recovered by the government are controlled substances."

In *U.S. v. Robinson*, 617 F.3d 984, 989 (8th Cir. 2010), the Eighth Circuit held the defendant waived his confrontation rights by stipulating – through his counsel – to the admission of a forensic chemist's testimony of a lab report that concluded certain substances were methamphetamine. The defendant was presumed to have acquiesced in his counsel's stipulation because the defendant was aware of the stipulation and did not object to it. *Id.*

Under *Robinson*, Jones waived his confrontation rights. Since there was no Confrontation Clause violation, Jones' counsel was not ineffective. Moreover, Jones does not contend the drug analysis was incorrect, nor does he argue that his counsel was ineffective for advising him to stipulate to the drug analysis.[2]

### *Coerced "Plea"*

At trial, Jones admitted liability for Counts Two and Three. Jones argues he only "pled guilty" to Counts Two and Three because his counsel threatened him that, if he did not, the Court would sentence him to 40 years to life. Jones cites cases in which counsel were deemed ineffective for inducing defendants to plead guilty by advising them they would receive a sentence higher than the law permitted if they did not. *See*, *e.g.*, *U.S. v. Rumery*, 698 F.2d 764, 766 (5th Cir. 1983).

But unlike the defendants in the cases he cites, Jones cannot establish prejudice; he cannot show a reasonable probability that he would have been acquitted if he had not admitted liability, given the overwhelming evidence establishing Counts Two and Three.[3] And Jones' argument that the evidence was insufficient to convict him on Counts Two and Three is baseless.

### *Prosecutorial Misconduct*

Jones argues his counsel was ineffective for failing to object during closing argument when the prosecutor asserted Jones had lied. Although Jones claims that the

---

[2] Jones argues that the charges against him could have involved sheet rock. There was some evidence that Jones would package sheet rock and sell it as drugs. However, the chemists' analyses – as reflected in the stipulation – showed that the substances relating to Jones' charges were in fact cocaine base.

[3] The government's evidence for Counts Two and Three included testimony from an undercover officer who purchased cocaine base from Jones, testimony from arresting officers who witnessed cocaine base fall from Harris' lap, and statements Jones made after he was arrested admitting that he was selling cocaine base.

prosecutor called him a liar "over and over again" and "repeatedly," the Court could find only two instances where the prosecutor used the words "lie" and "lies" in reference to Jones' version of events.[4]

In *U.S. v. McMurray*, 20 F.3d 831, 834 n.3 (8th Cir. 1994), the Eighth Circuit held that a prosecutor's two statements during closing argument that the defendant lied in his testimony "were not so inflammatory as to constitute plain error, and they could not reasonably have affected the jury's verdict." Similarly, even if the prosecutor's statements in this case were questionable, they could not reasonably have affected the jury's verdict, nor is there a reasonable probability that, if counsel had objected to them, the result of the proceeding would have been different. Jones is not entitled to an evidentiary hearing because of the prosecutor's statements.

*Sentencing*

Jones next argues his counsel was ineffective for not objecting to him being held accountable for the drug conspiracy amount (50 grams or more). But on direct appeal, Jones argued there was insufficient evidence that "the conspiracy involved an amount of 50 grams or more of crack cocaine," and the Eighth Circuit rejected Jones' argument. *Jones*, 559 F.3d at 835-36. Jones cannot relitigate the amount of drugs attributable to him as a co-conspirator.

Jones also contends the Court violated the "relevant conduct aggregation rule" by failing specifically explain how it arrived at the total drug amount, and that his counsel was ineffective for failing to object to this. Jones also asserts there were inaccuracies in the presentence investigation report, although he does not specify what

---

[4] First, in discussing Jones' testimony with respect to Count Five, the prosecutor stated, "He sits there and wants you to believe that. Some times [sic] it's the smallest lies that really show you when the big lies are going on." Second, in concluding the first portion of her closing argument, the prosecutor stated, "You have heard the detectives who interviewed him with the testimony of Detective Schwalm who bought crack cocaine hand-to-hand. And you've been able to watch him lie to you on the stand. I submit to you, it's now time to find him guilty on all six counts."

7

they were.  The Court concludes Jones' arguments lack merit, but even if they had validity, this would not entitle Jones to a reduction below the 20-year minimum sentence he received in this case.  He would not be able to show prejudice for any alleged error.

Jones' last complaint regarding his trial counsel is that he represented Jones on direct appeal without first seeking Jones' permission.  Jones' appointed counsel was required to continue representation until granted leave to withdraw by a court.  Jones never requested new counsel during this time, nor does he claim that he asked his counsel to withdraw.  Jones is not entitled to relief on this claim.

*Claims against Appellate Counsel Only*

Jones argues his appellate counsel was ineffective because he did not challenge the conspiracy conviction for insufficient evidence of an agreement to distribute cocaine base.  Jones argues the evidence only established a buyer-seller relationship between himself and Sanders.

Without detailing the overwhelming evidence against Jones on this point – including Harris' testimony and Jones' own statements to the police – the Court concludes Jones' argument is based on his perception of the evidence, not the evidence viewed in the light most favorable to the prosecution.  *See Wright v. West*, 505 U.S. 277, 284 (1992).  Appellate counsel was not ineffective for omitting this argument on appeal.  *See U.S. v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal" (internal quotations and citation omitted)).

Jones next maintains his appellate counsel was ineffective because he failed to file a petition for writ of certiorari to the United States Supreme Court as requested by Jones.  The government correctly counters that Jones cannot establish ineffective assistance of counsel because defendants do not have a constitutional right to counsel to file a certiorari petition.  *See Steele v. U.S.*, 518 F.3d 986, 988 (8th Cir. 2008).

However, the government does not address the more difficult issue raised by Jones' citation to *Wilkins v. U.S.*, 441 U.S. 468, 469 (1979).  *Wilkins* held that a

defendant whose appointed counsel failed to file a certiorari petition as requested was entitled by virtue of the Criminal Justice Act to move the court of appeals for the appointment of counsel to aid him in filing a petition out of time; the court of appeals "could have vacated its judgment affirming the convictions and entered a new one, so that this petitioner, with the assistance of counsel, could file a timely petition for certiorari."

Jones also cites *U.S. v. Price*, 491 F.3d 613, 616 (7th Cir. 2007), an in-chambers opinion applying *Wilkins* and appointing counsel for a defendant who had been deprived of his right to consult an attorney about filing a certiorari petition after his convictions were affirmed on direct appeal. The defendant in *Price* first raised the issue in a § 2255 proceeding, which the district court stayed so the defendant could file his motion for appointment of counsel in the appellate court. Jones is "asking this Court to use the same rationale as was used in '*Price*.'"

But *Wilkins* and *Price* are distinguishable. In those cases, the defendants were misled by their appointed counsel into believing that a certiorari petition would be filed, and did not find out otherwise until it was too late. *See Wilkins*, 441 U.S. at 468; *Price*, 491 F.3d at 616. Thus, they were denied the opportunity to consult with an attorney about filing a certiorari petition.

Unlike *Wilkins* and *Price*, Jones was not denied this opportunity. A review of the Eighth Circuit's docket in Jones' direct appeal shows that approximately 2 weeks after the opinion was filed, Jones asked that he be assigned "'new'" counsel on his appeal, which Eighth Circuit denied. After the mandate was issued, Jones, acting pro se,[5] requested and received from the Supreme Court two extensions of time to file his petition for writ of certiorari, giving him several months within which to do so. However, no petition was filed.

Jones had the opportunity to either file his certiorari petition himself or file a motion with the Eighth Circuit seeking appointment of counsel with whom to consult

---

[5] The notification list attached to an August 3, 2009, letter advising that an extension of time had been granted listed Jones, then-Solicitor General Elena Kagan, and the Eighth Circuit Clerk as having received the letter.

9

about filing a petition. He did neither, and he is not entitled to relief under *Wilkins* or *Price*.

*Jurisdiction*

Jones' final argument is that the government was without jurisdiction to charge him in Count Four with being an unlawful user of a controlled substance in possession of a firearm because the government never had custody of the firearm. At trial, the officer who recovered the firearm when Harris and Jones were arrested testified he failed to mark it as evidence, which led to it being destroyed by the department. Jones contends this destruction violated the "chain of custody rule" and the Due Process Clause.

Jones has not alleged a due process violation, because he does not contend the government suppressed evidence favorable to him, nor does he argue the government acted in bad faith in destroying the firearm. *U.S. v. Williams*, 577 F.3d 878, 882-83 (8th Cir. 2009). Moreover, Jones has neither alleged nor shown any prejudice from the destruction of the firearm.

Regarding chain of custody, it is true that the prosecution may need to show this in order to establish the foundation for the admission of physical evidence. *See U.S. v. Wilson*, 565 F.3d 1059, 1066 (8th Cir. 2009). But, as Jones concedes, the firearm was never introduced as evidence at trial. The prosecution did not need to establish chain of custody for *testimony* about the firearm to be admissible.

III. CONCLUSION

No evidentiary hearing is required on Movant's § 2255 motion, and it is denied.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: February 22, 2011　　　　　　　　　UNITED STATES DISTRICT COURT